## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

JAMES WORTH BAXTER,

Debtor.

Case No. A04-01154-DMD
Chapter 11

**Filed On 1/6/06**

## MEMORANDUM REGARDING OBJECTIONS TO CLAIM

The parties' divorce decree provides in part: "There are two other debt matters presently unresolved, namely (1) the Astec debt, and (2) an IRS potential liability - both of these will be split evenly between the parties if (and) when they turn into actual liabilities."[1] Regarding the Astec debt, Astec's unsecured claim has been reduced to about $23,125.73, with Ann Baxter's share to be $11,562.86. Ann feels that her claim shouldn't be subject to offset for that amount because she was released by Astec. Her release, however, didn't change the provisions of the divorce decree relating to the Astec debt. She remains obligated to her ex for an equal share of the indebtedness, $11,562.86.

The IRS potential liability is more difficult to determine. The parties separated in April of 2000. Their divorce case came before Judge Reese on January 19, 2001, November 8-9, 2001, January 21, 2002, February 22, 2002, February 26, 2002, and September 8, 2003. The "Final Order for Property Division" was entered December 10, 2003. The Final Decree was entered February 11, 2004 nunc pro tunc to December 10, 2003.

---

[1] Debtor's Exhibit 1, ¶ 7 of Final Order for Property Division.

Generally, the date for segregating marital from post-marital property is the date of the functional termination of the marriage.[2] Each case is unique, however, and the Alaska supreme court has upheld a trial court's valuation of assets as of the date of trial rather than the date of separation.[3]

My review of the state court record indicates that the divorce trial commenced on June 19, 2001. It continued to January 22-23, 2002, and February 22, 2002. Argument was held on February 26, 2002 and September 9, 2003. The final order on property division was entered December 10, 2003.

Mr. Baxter incurred obligations to the IRS for taxes from March 31, 2002 through December 30, 2003. All of Mr. Baxter's obligations to the IRS were incurred after separation and after the divorce trial commenced. The IRS potential liability addressed by Judge Reese was intended to cover IRS obligations through April of 2000 or possibly until June 19, 2001. It was not a carte blanche for obligations incurred after separation and after the trial commenced.

I conclude that Ann Baxter's claim of $97,609.85 should be reduced by her share of the Astec obligation, $11,562.86, leaving a balance of $76,046.99 plus an additional $10,000.00 for Allen Bailey's fees. A total claim of $86,046.99 will be allowed.

---

[2] *Hanlon v. Hanlon*, 871 P.2d 229, 231 (Alaska 1994).

[3] *Hatten v. Hatten*, 917 P.2d 667 (Alaska 1996).

2

DATED: January 6, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  Ann Baxter
E. LeRoy, Esq.
A. Bailey, Esq.
U. S. Trustee

1/6/06