## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

JAMES WORTH BAXTER,

    Debtor.

Case No. A04-01154-DMD

Chapter 11

**Filed On
10/6/06**

## MEMORANDUM REGARDING MICROCOM CLAIM
## (CLAIM NO. 26)

    Microcom filed a general unsecured claim in this bankruptcy case for damages in an unliquidated amount. There were two parts to the claim: one for damages arising from an incident occurring on Baxter's property on January 2, 2004, and the other for damages caused by runoff from fill which had been placed on that property. Baxter objected to the claim, asking that it be disallowed. The second prong of Microcom's claim was subsequently resolved by an order establishing remediation procedures.[1] An evidentiary hearing on the first prong of Microcom's claim was held on October 2, 2006.

    James Baxter is an excavating contractor. He owns property on Rosewood Street in Anchorage. His property borders property owned by Microcom. Microcom is located at 1143 East 70th Avenue in Anchorage. It is a satellite telecommunications company that sells and services satellite television equipment in Alaska and Hawaii.

---

[1] *See* Order Establishing Remediation Procedure, entered Aug. 29, 2006 (Docket No. 157).

Baxter used his Rosewood property as a snow dump in the winter of 2003 - 2004. Snow was hauled to Baxter's Rosewood property from other locations in Anchorage. Tom Swanson, an employee of Baxter's, operated a Cat at the snow dump "stacking" the snow. According to Swanson, he was a "fill-Cat operator." A fill-Cat operator directs dump truck drivers where to dump their snow and then stacks the snow after it is dumped. Truckers are not free to drop their loads anywhere they please; the fill-Cat operator tells them where to dump "or they just don't dump."

Bill McGough, a truck driver for Marcel Warmly doing business as "Arctic Green," didn't follow that protocol, however. On January 2, 2004, Swanson saw McGough dump snow twice on Baxter's Rosewood property. McGough didn't approach Swanson on either occasion. Instead, he dumped his load improperly without first receiving instructions from the fill-Cat operator. On the second occasion, McGough tried to drive off with his dump box fully raised, snagging a telephone line with it. McGough then became stuck, with his dump box entangled in the lines. He tried to free the truck. On his second attempt, he broke the telephone lines and knocked out Microcom's phone and power service. While power was soon restored, it took several days for Microcom to regain full use of its telephone lines.

Microcom sent Baxter a bill for $6,598.00 for damages incurred during the phone outage. Baxter didn't pay the bill. He forwarded the invoice to Marcel of Arctic Green. Marcel didn't pay the bill, either. Microcom now seeks damages of up to $56,122.92, based on its calculation of three days of lost income.

2

Generally, an owner of property is not responsible for the conduct of third parties on his premises. AM. JUR. states:

> One person generally has no duty to control the conduct of another. When an injury occurring on premises is the result of the negligence of a third person who does not stand in such a relation to the owner or occupant as to render the doctrine of respondeat superior applicable, no liability attaches to the owner or occupant, subject to several exceptions discussed separately.[2]

The rule in Alaska is comparable. "As a general rule, landowners have a duty to use due care to guard against unreasonable risks created by dangerous conditions existing on their property."[3] Excluding attractive nuisances, the "dangerous conditions" that a landowner must protect against do not include the conduct of third parties.[4]

AM. JUR. lists two additional exceptions to the general rule that a property owner has no duty to protect against the conduct of third parties on his premises:

> – where the negligent conduct of the third person created a dangerous condition that the possessor of real property should have discovered and corrected but that he or she failed to take reasonable precautions to alleviate.

---

[2] 62 AM. JUR. 2D *Premises Liability* § 40 (2005) (footnotes omitted).

[3] *Schumacher v. City & Borough of Yakutat*, 946 P.2d 1255, 1258 (Alaska 1997), *citing State v. Abbott*, 498 P.2d 712, 723 (Alaska 1972).

[4] *Schumacher*, 946 P.2d at 1258.

3

> –      where the circumstances were such that the owner or occupant should have anticipated the misconduct of the third person, including the criminality of such person, and was negligent in failing to take reasonable measures to protect the person injured from harm.[5]

None of the exceptions apply here. First, McGough was not one of Baxter's employees, so the doctrine of respondeat superior is inapplicable. Nor can the attractive nuisance doctrine be applied to the circumstances present here.[6] And while McGough's actions did create a dangerous condition, i.e. downed telephone and power lines, that condition was soon alleviated. It did not exist prior to McGough's entry on Baxter's land. The final exception is more difficult. Were the circumstances here such that Baxter should have anticipated McGough's negligence and taken reasonable measures to protect Microcom?

From Microcom's standpoint, Baxter's use of his property as a snow dump in the vicinity of telephone and power lines was an inherently dangerous activity. Microcom argues that Baxter should have done more to protect it or, better yet, not have used the property as a snow dump at all. From Baxter's viewpoint, he did take reasonable actions to protect Microcom. He placed his employee, Tom Swanson, at the site. Swanson was there to direct truckers to a safe dumping site, well removed from the overhead lines. Baxter had encountered no prior problems with his use of the property as a snow dump. Was he to

---

[5] 62 AM. JUR. 2D *Premises Liability* § 42 (2005) (footnotes omitted).

[6] *Schumacher*, 946 P.2d at 1258 n.8.

4

anticipate that a rogue trucker would ignore his fill-Cat operator, dump in an unsafe area, and then drive across the property with his dump box fully raised? I think that is asking too much from the property owner. I don't find Baxter to have been negligent in his operation of the snow dump.

Microcom's claim for damages will therefore be disallowed. An order will be entered consistent with this memorandum.

DATED: October 5, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: E. LeRoy, Esq.
F. Odsen, Esq.
U. S. Trustee
Claims Register

10/06/06

5