# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>JAMES WORTH BAXTER,<br><br>Debtor. | Case No. A04-01154-DMD<br>Chapter 11<br><br>**Filed On 4/12/07** |

## MEMORANDUM ON CONVERSION

The debtor's first amended plan of reorganization was confirmed on January 11, 2006. The plan originally called for the debtor to obtain a loan sufficient to pay all unsecured debts, plus interest within 45 days of confirmation. The confirmation order extended the time for payment through a loan by February 28, 2006. Mr. Baxter did not obtain a loan. If the loan did not materialize, Baxter was to "immediately begin the sale of a sufficient quantity of his equipment" to pay all unsecured claims before July 1, 2006. Mr. Baxter did not liquidate any equipment. Post-confirmation, Mr. Baxter represented that he had a lucrative salt sale agreement with the State of Alaska. The sale agreement has imploded leaving Mr. Baxter with a host of new, post-confirmation unsecured claims exceeding $186,000.00. Moreover, he must litigate to obtain full payment on the contract. Mr. Baxter was to list and sell the remaining six lots of Wooster subdivision to pay unsecured creditors after July 1, 2006. After pressure from unsecured creditors, Baxter reluctantly listed the property. He finally has a buyer but there are a number of impediments to sale. Given Baxter's history of non-performance, a prompt closing is unlikely.

This case was filed October 21, 2004. As such the pre-BAPCPA version of 11 U.S.C. § 1112 applies. It provides that a court may convert a case to chapter 7 for cause. I find that conversion is in the best interests of creditors and the estate. There is cause for conversion of this case under the following subsections of 11 U.S.C. § 1112(b):

> (1) continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . .
>
> (3) unreasonable delay by the debtor that is prejudicial to creditors; . . .
>
> (7) inability to effectuate substantial consummation of a confirmed plan;
>
> (8) material default by the debtor with respect to a confirmed plan; and
>
> (10) nonpayment of any fees or charges required under chapter 123 of title 28.

The United States Trustee's motion for conversion will be granted.

DATED: April 12, 2007.

            BY THE COURT

            /s/ Donald MacDonald IV
            DONALD MacDONALD IV
            United States Bankruptcy Judge

Serve: E. LeRoy, Esq.
    J. Ruebelmann, Esq.

    04/12/07