## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

JAMES WORTH BAXTER,

        Debtor.

Case No. A04-01154-DMD
Chapter 7

**Filed On
2/25/08**

### MEMORANDUM RE AMENDED CLAIM NO. 38, FILED BY ROBERT EDELEN ON DEC. 21, 2007

      Creditor Robert Edelen has filed four claims in this proceeding. His first was filed on June 12, 2007, for $91,337.90. His second claim, which amended the first, was filed on July 18, 2007. This claim was for $94,208.93. A third claim was filed August 24, 2007, for $6,383.20, as a supplement, rather than amendment to his prior claims. Edelen's final claim was filed December 21, 2007, for $18,882.21. This is an additional sum Edelen claims he is entitled to, notwithstanding the prior allowance of his claim for $10,936.72. All of the back-up documentation that he has submitted in support of his final claim was also submitted in support of either his first or second filed claim.

      The trustee filed an objection to Mr. Edelen's claims on July 25, 2007. Edelen filed a response to the objection on August 24, 2007. An evidentiary hearing lasting almost two hours was held on August 28, 2007, regarding this claim objection. Edelen attended the hearing and testified. This court entered an order allowing Mr. Edelen's claim in the amount of $35,439.92. The allowance of this claim was premised on Edelen's contention that he had been an employee of the debtor, entitled to overtime pay and penalties. Persuasive to the court's ruling was a December 22, 2006, letter prepared by the Wage and Hour

Administration of the Alaska Department of Labor, which calculated Edelen's entitlement to overtime pay and penalties. This letter was included in the support documentation attached to Edelen's first and second claims.

The trustee moved for reconsideration of Edelen's claim on September 6, 2007, asking that it be substantially reduced. In support of his motion, the trustee submitted a subsequent letter from the Wage and Hour Administration which concluded that Edelen had been an independent subcontractor for the debtor, rather than an employee. Edelen filed a response to the trustee's motion, and a second hearing on allowance of Edelen's claim was held September 28, 2007. Mr. Edelen attended this hearing as well. The court granted the trustee's motion for reconsideration, finding that he was an independent contractor rather than an employee. Edelen therefore was not entitled to the overtime surcharge or penalties. His claim was reduced to $10,936.00.

After Edelen's claim was liquidated, the trustee filed a motion to pay claims in this case. In this motion, the trustee proposed to pay Edelen the allowed amount of his claim, $10,936.00. A hearing on the trustee's motion was held on November 8, 2007. Edelen attended this hearing and orally objected to the trustee's application. His objection was overruled and the motion was allowed. Subsequent to this ruling, Edelen filed his fourth claim. He contends he should receive an additional $18,882.21 from the estate, after having received $10,936.00 from the trustee. The debtor filed an objection to Edelen's fourth amended claim. I find that the objection should be sustained and Edelen's final amended claim should be disallowed.

2

While amendments to a proof of claim should be liberally permitted,[1] the filing of a claim "is analogous to filing a complaint in a civil action."[2] Similarly, the allowance or disallowance of a claim in bankruptcy is analogous to a decision on the merits in a civil action. "The allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'"[3]

Fed. R. Bankr. P. 3008 permits a party in interest to move for reconsideration of an order allowing a claim. "A claim that has been allowed or disallowed may be reconsidered for cause."[4] "Several courts have looked to Fed. R. Civ. P. 60(b) for the standards for reconsideration of claims and the definition of 'cause' under § 502(j)."[5] None of the standards for Rule 60(b) relief are present here. Edelen cannot allege mistake, inadvertence, surprise or excusable neglect, with regard to the liquidation of his claim.[6] Nor has he established that there is newly discovered evidence regarding his claim.[7] Edelen has

---

[1] *Roberts Farms Inc. v. Bultman (In re Roberts Farms, Inc.)*, 980 F.2d 1248, 1251 (9th Cir. 1992).

[2] *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002) (citations omitted).

[3] *Bevan v. Social Commc'ns Sites, LLC (In re Bevan)*, 327 F.3d 994, 997 (9th Cir. 2003), *citing Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1988).

[4] 11 U.S.C. § 502(j).

[5] *Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage)*, 178 B.R. 222, 227 (B.A.P. 9th Cir. 1995) (citations omitted), *aff'd* 91 F.3d 151 (9th Cir. 1996). Fed. R. Bankr. P. 9024 makes Fed. R. Civ. P. 60 applicable in bankruptcy proceedings.

[6] Fed. R. Civ. P. 60(b)(1).

[7] Fed. R. Civ. P. 60(b)(2). In fact, as already noted, the supporting documentation Edelen has provided with his final amended claim is identical to documentation attached to his first and second claims.

already made his case regarding the debtor's purported misrepresentations and misconduct with regard to his claim.[8] His most recently amended claim provides no other basis for granting relief under Rule 60(b).

   I will decline to reconsider the allowed amount of Edelen's claim because no cause has been shown. The merits of this claim have already been fully litigated twice. Further, Mr. Edelen's final proof of claim doesn't present any new evidence to this court. The back up documentation attached to the final claim has already been thoroughly reviewed by this court in conjunction with the two evidentiary hearings already held on Edelen's previously filed claims. Additionally, I feel Edelen has not been completely honest in making his case here. He neglected to advise the court that the Alaska Wage and Hour Administration had determined that he was not an employee of the debtor's. This piece of information was critical to the liquidation of his claim.

   Finally, a review of Edelen's support documentation fails to convince me that the allowed amount of his claim should be increased. The uncontroverted evidence establishes that Edelen has received $33,968.82 on account of the services he performed for the debtor from July through November of 2006. The debtor paid Edelen a total of $22,762.21 from July through October of 2006, and Edelen has received an additional $10,936.00 from the bankruptcy estate. Edelen's hourly rate was $30.00, according to the December 22, 2006, letter prepared by the Alaska Wage and Hour Administration. Dividing

---

[8] Fed. R. Civ. P. 60(b)(3).

4

$33,968.82 by this hourly rate, Edelen has been compensated for 1,132 hours of labor thus far from the debtor and the estate. This greatly exceeds the total hours reflected on the December 22, 2006, letter from the Wage and Hour Administration.[9] This also exceeds the number of hours shown on the invoices Edelen has attached to his most recent proof of claim.[10]

For the foregoing reasons, Edelen's most recent amendment to his Claim No. 38 will be disallowed. An order will be entered consistent with this memorandum.

DATED: February 25, 2008

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
        Pro Se Debtor
        R. Edelen, Pro Se Creditor
        U. S. Trustee

            02/25/08

---

[9] That letter indicated Edelen was entitled to be paid for 648 hours: 346 hours @ $30 per hour, and 302 overtime hours @ $45 per hour.

[10] Adding up all the hours from the invoices submitted by Edelen with his final amended claim, I get a total of 767 hours.