# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

JAMES WORTH BAXTER,

Debtor.

Case No. A04-01154-DMD

Chapter 7

**Filed On 3/25/08**

## MEMORANDUM REGARDING INDIAK TRUST/ELLIS CLAIM

This is a dispute over a gravel pit lease. The lease was originally between Indiak Investments, LLC as lessor and Baxter, Inc. as lessee on June 7, 2002. On June 2, 2003, Indiak Investments, LLC assigned a 50% interest in the gravel lease to Indiak Land Trust, with Edison Commonwealth, Inc. as trustee. The remaining 50% interest was transferred to Raymond J. Ellis and Chrysta M. Ellis. Baxter, the debtor, claims the lease is unenforceable because Edison Commonwealth, Inc. hasn't registered to do business as a corporation in Alaska.[1] Under A.S. 13.36.025(a) however, local qualification by a foreign corporate trustee is not required to maintain litigation. Edison Commonwealth, Inc. has standing to litigate a claim as a trustee. Raymond J. Ellis and Chrysta M. Ellis have standing to litigate a claim as individuals. Cross-Creek, Inc., a property management firm, has properly represented their interests by filing a proof of claim on their behalf.

---

[1] A.S. 10.06.848(a).

The next issue raised by Baxter was a clause in the lease that provides for biblically based mediation and legally binding arbitration of disputes.  According to Baxter, the parties must engage in mediation/arbitration and that is the sole method available for adjudicating the Indiak Trust/Ellis claim.  Baxter's demand is surprising, and indirectly leads to a 300 pound gorilla that has been all but ignored by the parties: Baxter is not a signatory to the gravel lease.  Nor has Baxter signed a personal guarantee of the gravel lease obligations.  At this stage of the litigation, Baxter is not in a position to demand arbitration of an agreement he hasn't signed.  Although there is some authority through which a non-signatory may be bound to an arbitration agreement,[2] the proper legal and factual predicate has not been presented here.  Baxter would be effectively shooting himself in the foot if he stipulated to assumption of the lease obligations now.  It is in his interests to dispute any theory that would lead to his personal liability on the lease, not champion such provisions for his adversary.

Baxter's objection to claim was inartfully drafted and failed to give the Indiak Trust/Ellis claimants effective notice of his defenses.  I will give the Indiak Trust/Ellis claimants an opportunity to establish Baxter's personal liability on the lease.  If they succeed, I will stay the proceedings and order arbitration of the claim.  If they do not succeed, their claim will be denied because it is not a personal liability of the debtor James Baxter.  An appropriate order will be entered.

---

[2]*Zurich American Insurance Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005)

DATED: March 25, 2008.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
J. Carney, Esq.
K. Battley, Trustee
Debtor
U.S. Trustee
Claims Register

03/25/08