# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

JAMES WORTH BAXTER,

        Debtor.

Case No. A04-01154-DMD
Chapter 7

**Filed On 11/19/08**

## MEMORANDUM ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE [Steve Cooper]

Creditor Steve Cooper has filed a motion for allowance of an administrative expense claim. He contends he is entitled to an administrative expense in the sum of $454,379.58, plus interest from and after February 13, 2008, at the rate of 10% per annum. The basis of Cooper's claim is that he pledged two certificates of deposit as security for a loan Baxter obtained from Northrim Bank in 2007. Baxter obtained the loan to fund the purchase of certain assets of this estate by Northern Trucking and Gravel, an entity created by Baxter after conversion of this case from chapter 11 to 7.[1] Cooper was the money man behind the deal. He provided the $200,000.00 downpayment for Northern Trucking's purchase and also pledged two certificates of deposit as security for a loan Baxter obtained from Northrim Bank to pay the $411,000.00 balance of the purchase price. The trustee and the court were aware of Cooper's contribution of the downpayment when the asset sale was approved in June of 2007, but the fact that Cooper had pledged the certificates of deposit was not disclosed at that time. The trustee had no involvement in the loan from Northrim; Baxter

---

[1] *See* Trustee's Appl'n for Approval For Authority to Enter into Agreement to Sell Contracts and Option Agreement, filed May 25, 2007 (Docket No. 227).

assumed the risk that the financing for the sale would not materialize. When Baxter failed to timely repay the Northrim loan, the bank applied Cooper's two certificates of deposit to fully pay off the outstanding balance.

Cooper says he is now owed $454,379.00, and asks that this amount be allowed as an administrative expense claim in this case. Administrative expenses include "the actual, necessary costs and expenses of preserving the estate."[2] The terms "actual" and "necessary" must be construed narrowly.[3] An administrative expense claimant has the burden of proof, and must show that the debt arose from a transaction with the trustee or debtor in possession and "directly and substantially benefitted the estate."[4]

Cooper argues that his pledge of the certificates of deposit, which aided Baxter in obtaining a loan to purchase estate assets, directly benefitted this estate because the trustee was able to use the loan proceeds to pay creditors. There are two problems with this argument. First, Cooper's agreement to pledge the certificates of deposit was made directly with Baxter and Northrim. The trustee wasn't involved in the transaction. Second, while it is true that the loan proceeds were used to pay creditors, it wasn't essential that the trustee make the sale to Baxter in order to provide a distribution to creditors in this case. This estate had assets with significant value which the trustee could have liquidated in another fashion.

---

[2] 11 U.S.C. § 503(b)(1)(A).

[3] *Nat'l Labor Relations Bd. v. Walsh (In re Palau Corp.)*, 18 F.3d 746, 750 (9th Cir. 1994), *citing Burlington N.R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 706 (9th Cir. 1988).

[4] *Microsoft Corp. v. DAK Ind., Inc. (In re DAK Ind., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995).

In fact, before the motion to sell the assets to Baxter was filed in May of 2007, the trustee had filed a motion to sell real property belonging to the estate for the sum of $595,000.00.[5] That sale was expected to net the estate approximately $270,300.00 after payment of liens and costs of sale. The sale of other estate assets to Baxter was made in lieu of the sale of realty. Baxter "sweetened the pot" when he purchased these assets, but the transaction benefitted him as well, because it enabled him to continue in business as Northern Trucking and Gravel. Cooper's pledge of security may have indirectly benefitted the estate, but it directly benefitted Baxter because it allowed him to get the financing he needed to consummate his purchase of estate assets.[6] Expenses which are incurred to benefit a third party are not administrative expenses.[7]

Cooper attempts to analogize his pledge to Northrim as a loan which the trustee could have obtained from him to pay the allowed claims and expenses in this case. He says such a loan would be an administrative expense under 11 U.S.C. § 364(a). Section 364(a) permits a trustee to incur unsecured debt in the ordinary course of business as an administrative expense. The trustee's sale of assets to Baxter was not an ordinary course of

---

[5] *See* Trustee's Appl'n to Sell Lots 7 through 12, Block 6, Woster Subdiv'n, Free and Clear of Liens, filed April 30, 2007 (Docket No. 212).

[6] In fact, Paragraph 8 of the Financing Agreement between Northern Gravel and Trucking and Cooper, entered into at the time of the asset sale in 2007, expressly states that "[n]o third parties are intended to be benefited [sic] by this Agreement unless identified herein." Paragraph 4 says that the agreement was entered "solely for the purpose of purchasing the Baxter bankruptcy assets." It makes no mention of providing any benefit to the bankruptcy estate.

[7] *Indus. Comm'n of Arizona v. Solot (In re Sierra Pacific Broadcasters)*, 185 B.R. 575, 579 (B.A.P. 9th Cir. 1995).

3

business transaction. Nor could an unsecured loan to the estate directly from Cooper be considered an ordinary course of business transaction. And while § 364(b) permits the trustee to incur unsecured debt outside the ordinary course of business as an administrative expense, such debt must first be approved by the court after notice and a hearing. Cooper's pledge of security to Northrim was not pre-approved by this court. Section 364 is of no help to Cooper here.

The trustee has indicated that he would consider granting Cooper a security interest in any surplus assets which may be returned to Baxter after the final distribution is made in this case. Also, because Cooper's pledge was a post-petition and post-conversion transaction, the automatic stay doesn't bar Cooper from pursuing non-bankruptcy collection remedies directly against Baxter. However, there is no basis in the Bankruptcy Code for granting Cooper an administrative expense claim. His motion will therefore be denied.

An order will be entered consistent with this memorandum.

DATED: November 19, 2008

>BY THE COURT
>
> /s/ Donald MacDonald IV
>DONALD MacDONALD IV
>United States Bankruptcy Judge

Serve:  J. Baxter, Debtor
        C. Christianson, Esq.
        W. Artus, Esq.
        R. Royce, Esq. (courtesy copy)
        K. Battley, Trustee
        U. S. Trustee
                11/19/08

4